PATTERSON, Judge.
Appellant, Timothy Orlando Rainey, was convicted, after a jury trial, of trafficking in cocaine, in violation of § 20-2-80, Code of Alabama 1975. He was sentenced to 15 years’ imprisonment and was fined $250,-000. He raises several issues on appeal; however, we will address only the question of the correctness of the trial court’s ruling denying his motion to suppress evidence allegedly seized in violation of his rights under the Fourth Amendment.
The facts of this case are sufficiently detailed in a companion case, Dalton v. State, 575 So.2d 599 (Ala.Cr.App.1989), and, thus, it is unnecessary to repeat them *607 in this opinion. Briefly, appellant and Linda Dalton were detained at the Huntsville Airport by the local police and, after their luggage was sniffed by narcotic detection dogs and a search warrant was obtained, 3.1 pounds of cocaine was discovered in a black suitcase, which had been carried by Dalton. The cocaine found in the black suitcase formed the basis for the prosecution of both Dalton and this appellant. When the police searched appellant’s person, they found a set of luggage keys that fit the lock on the black suitcase in which the cocaine was discovered. The obvious theory of the state’s case was that Dalton and appellant were engaged in a joint drug trafficking endeavor.
We reversed Dalton’s conviction and rendered judgment in her favor, finding that the officers exceeded the permissible limits of a Terry-type investigatory stop and seized her without probable cause in violation of the Fourth Amendment. The instant case is factually identical with the Dalton case, and the principles of law involved and argued on appeal are the same. For those reasons, we find it unnecessary to extend our discussion of the Fourth Amendment issue here and refer the reader to our opinion in Dalton v. State, wherein we discuss the facts and applicable law.
We believe that the police, by escorting appellant outside the air terminal, placing him in a separate automobile from Dalton, transporting him two blocks away to a separate “security building,” and holding him in a separate room for approximately 40 minutes, while waiting for a drug detection dog to arrive, went beyond the limits contemplated by Terry, and effected a seizure. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). The seizure was unreasonable under the Fourth Amendment, and, as a consequence, the cocaine which was later discovered in a search of the luggage was inadmissible and should have been suppressed. The judgment of the trial court is reversed and judgment is rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
All Judges concur.